The STATE of Ohio, Appellee,

v.

ANDERSON, Appellant.

[Cite as *State v. Anderson*, 146 Ohio App.3d 427, 2001-Ohio-4297.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78887.

Decided Oct. 16, 2001.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Michael A. Sullivan, Assistant Prosecuting Attorney, for appellee.

John Reulbach, Jr., for appellant.

PATRICIA ANN BLACKMON, Judge.

{¶ 1} Appellant Donald C. Anderson appeals the judgments of the trial court sentencing him to three twelve-month terms of imprisonment and one three-year term of imprisonment. Anderson argues that the trial court failed to follow applicable statutory guidelines and failed to make the requisite findings for imposing more than the shortest term available, the maximum term permitted, and consecutive sentences. Anderson assigns the following as errors for our review:

{¶ 2} "I. Where the record of the sentencing hearing clearly and convincingly demonstrates that the lower court misinterpreted and relied upon two inapplicable statutory factors relating to the seriousness of the underlying offense(s), under R.C. 2929.12(B) and then bootstrapped the misapplication to make an unsupported and erroneous 'recidivism' finding under R.C. 2929.12(D), the ulti-

mate determination of a sentence based on the same; that a prison term was consistent with, and a community control sanction inconsistent with, the purposes and principles of sentencing, was contrary to law and unsupported by the evidence pursuant to R.C. 2953.08(A)(4) and is subject to modification/reduction.

{¶ 3} "II. Where the record demonstrates, by clear and convincing evidence, that appellant had not previously served a prison sentence and that the shortest prison term would neither demean the seriousness of his conduct nor fail to adequately protect the public, the court should impose the shortest prison term authorized, to-wit, a term of six months on each of the three felony 5's and a term of one year on the felony 3; and failure to do so was, in light of the record, contrary to law.

{¶ 4} "III. Where the record clearly and convincingly demonstrates that the offender neither committed the worst form(s) of the offense(s) nor poses the greatest likelihood of committing future crimes, imposing the longest term (on three felonies of the fifth degree) was clearly contrary to law, pursuant to R.C. 2929.14(C).

{¶ 5} "IV. Where the sentencing court imposes consecutive sentences (service) based on the rationale that the harm caused by multiple offenses was so great or unusual that no single term for any of the offenses adequately reflects the seriousness of the offender's conduct * * * and where there is no serious or unusual, in any harm; the court's rationale is without support and its conclusion, clearly and convincingly, contrary to law.

{¶ 6} "V. The court's sentence of six (6) years constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution."

{¶ 7} Having reviewed the record and the legal arguments of the parties, we affirm in part and reverse in part the judgment of the trial court. The apposite facts follow.

{¶ 8} On July 25, 2000, a Cuyahoga County grand jury indicted Anderson on eighteen counts of pandering sexually oriented matter involving a minor under R.C. 2907.322(A)(1), each a second degree felony; eighteen counts of pandering sexually oriented matter involving a minor under R.C. 2907.322(A)(5), each a fifth degree felony; one count of possessing criminal tools for use in committing a felony under R.C. 2923.24, a fifth degree felony; and one count of tampering with evidence under R.C. 2921.12, a third degree felony.

{¶ 9} On August 23, 2000, Anderson pled not guilty to all charges. He later withdrew his not guilty pleas and entered pleas of guilty to possessing criminal tools for use in committing a felony, tampering with evidence, and two counts of pandering under R.C. 2907.322(A)(5). On October 16, 2000, the trial court entered

findings of guilt on the charges to which Anderson pled, and nolled all other counts.

{¶ 10}   These charges stemmed from Anderson's using his computer equipment to download from the Internet over six hundred images of children as young as four years of age in sexual situations and engaging in sexual acts. Anderson saved these images to diskette.   He then printed and labeled each item before entering it into a meticulously catalogued collection stored in his garage. When the authorities became aware of Anderson's illicit activities, they required Anderson to submit a handwriting sample to compare to the handwriting found in his collection.   Anderson provided an intentionally altered sample in an attempt to deceive the authorities.

{¶ 11}   In each of his first four assigned errors, Anderson challenges the propriety of the sentences imposed by the trial court.   A trial court has broad discretion in sentencing a defendant.[1]   Further, the law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.[2]

{¶ 12}   In his first assigned error, Anderson argues that the trial court erred in determining that the prison terms were consistent with, and community control sanctions were inconsistent with, the purposes and principles of sentencing.   We disagree.

{¶ 13}   Before sentencing Anderson for violating third and fifth degree felonies, the trial court was required to follow R.C. 2929.13, which states:

{¶ 14}   "(B)(1) Except as provided in (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or *fifth degree*, the sentencing court shall determine whether any of the following apply:

{¶ 15}   "(a) In committing the offense, the offender caused physical harm to a person.

{¶ 16}   "* * *

{¶ 17}   "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section * * * 2907.322 * * *.

{¶ 18}   "* * *

{¶ 19}   "(2)(a) *If the court makes a finding described in division (B)(1)(a)* * * *, (f) * * * * of this section and if the court, after considering the factors set

1.   *State v. Yontz* (1986), 33 Ohio App.3d 342, 515 N.E.2d 1012.

2.   R.C. 2953.08(G)(1); *State v. Hollander* (2001), 144 Ohio App.3d 565, 760 N.E.2d 929; *State v. Rigo* (June 21, 2001), Cuyahoga App. No. 78761, 2001 WL 740505.

forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

{¶ 20} "(b) Except as provided in division (E), (F), or (G) of this section, *if the court does not make a finding described in division (B)(1)(a) * * *, (f) * * ** of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.

{¶ 21} "(C) Except as provided in division (E) or (F) of this section, in determining whether to impose a prison term as a sanction for a felony of the *third degree * * **, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code with section 2929.12 of the Revised Code." (Emphasis added.)

{¶ 22} In sentencing Anderson for the fifth degree felony offense of pandering under R.C. 2907.322, the trial court properly determined that R.C. 2929.13(B)(1)(f) applied. Regarding the sentence for the fifth degree felony offense of using criminal tools, the trial court found that physical harm was caused to the children Anderson viewed. For the third degree felony offense of tampering, the trial court was not obliged to determine any listed factors as with the fifth degree felonies. R.C. 2929.13 evinces Ohio's preference for community control sanctions over imprisonment for those who have not previously served prison terms and provides guidance for the trial court in that direction. R.C. 2929.13 does not require the trial court either to impose a prison term if certain factors apply or avoid imposing a prison term if the factors do not apply. These are merely threshold factors; whether community control sanctions or prison terms are appropriate further depend on application of R.C. 2929.11 and R.C. 2929.12.

{¶ 23} Regarding all offenses, the trial court proceeded to consider applicable seriousness and recidivism factors in accordance with R.C. 2929.12, which states:

{¶ 24} "[T]he court shall *consider* the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may *consider* any other factors that are relevant to achieving those purposes and principles of sentencing." (Emphasis added.)

{¶ 25}   The trial court evidenced that it considered applicable factors through the following statement:

{¶ 26}   "Just to bifurcate them, and make certain that the record is very clear, showing no remorse for the offense is the recidivism factor, which then leads us to the seriousness factors, and the two factors regarding the injury to the victim, and the victim suffering serious psychological harm are under the seriousness factors."

{¶ 27}   Although the trial court made specific findings on the record, it was not compelled to do so: the trial court need consider only the listed factors and any other factors deemed relevant by the trial court.[3]   The trial court clearly satisfied this burden.

{¶ 28}   After the court considers these factors, it may impose a term of imprisonment only if it finds that "a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and * * * that the offender is not amenable to an available community control sanction."[4]   R.C. 2929.11(A) sets forth the purposes and principles of sentencing as follows:

{¶ 29}   "* * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *"

{¶ 30}   In satisfying this aspect, the trial court stated:

{¶ 31}   "[A]nd it is my finding, pursuant to [R.C.] 2929.13(B), that a prison term is consistent with protecting the public from future crime, and punishing the offender, and that this offender is not amenable to community-controlled sanctions."

{¶ 32}   Acknowledging the trial court's discretion and upon our review, we determine that the trial court properly found that each prison term it imposed upon Anderson served the purposes and principles of Ohio's felony sentencing statutes and that Anderson was not amenable to community controlled sanctions. Accordingly, Anderson's first assigned error is without merit.

---

3.   See *State v. Arnett* (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793, 799, stating, "The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors.   R.C. 2929.12.   For this reason, the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered the applicable age factor of R.C. 2929.12(B)(1).   See *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 134."

4.   R.C. 2929.13(B)(2)(a).

{¶ 33}   In his second assigned error, Anderson argues that the trial court erred in sentencing him to more than the minimum prescribed prison term for pandering and criminal tools.  We disagree.

{¶ 34}   As charged to Anderson, pandering and possession of criminal tools are each fifth degree felonies that carry minimum prescribed prison terms of six months.[5]  Tampering with evidence under R.C. 2921.12 is a third degree felony that carries a minimum prescribed prison term of three years.[6]   In deviating from these minimums, the trial court is required to follow R.C. 2929.14(B), which reads:

{¶ 35}   "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, *unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.*"  (Emphasis added.)

{¶ 36}   The Ohio Supreme Court addressed this issue in *State v. Edmonson.*[7]   The court held:

{¶ 37}   "We construe [R.C. 2929.14(B)] to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.  R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.  By contrasting this statute with other related sentencing statutes, we deduce that the verb 'finds' as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons."

{¶ 38}   In this case, the trial court stated in regard to the pandering and possession of criminal tools counts:

{¶ 39}   "And I think that it would certainly demean the seriousness of the offender's conduct to impose the shortest prison term.  So pursuant to [R.C.]

---

5.   R.C. 2929.14(A)(5).

6.   R.C. 2929.14(A)(3).

7.   (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131.

2929.14(B), Section (A), I do find that the shortest term demeans the seriousness of the offender's conduct, and in addition, I also make the finding that the shortest term will not adequately protect the public from the offender or others."

{¶ 40}   The trial court stated in regard to the tampering of evidence count:

{¶ 41}   "* * * I am also going to make the statutorily required finding pursuant to [R.C.]2929.14(B), as set forth and required for felonies of the third degree when there is not a prior prison term, and the Court will be imposing more than the minimum sentence, that the shortest term demeans the seriousness of the offender's conduct, and the shortest prison term will not adequately protect the public from the offender or others."

{¶ 42}   Based upon these statements, it is apparent the court considered minimum sentences for each count against Anderson and then rejected them based on both factors found in R.C. 2929.14(B).   In doing so, the trial court strictly complied with R.C. 2929.14(B).

{¶ 43}   Even though the trial court strictly complied with R.C. 2929.14(B), Anderson's assigned error may have merit if the trial court's findings were clearly and convincingly erroneous.   The record before us reveals that Anderson used his computer equipment to download, print, and save over six-hundred images of children in sexually explicit poses.   These photos included pre-teen females as young as four years of age engaging in sexual acts.   Anderson carefully labeled each entry and catalogued his collection.   When authorities required a handwriting sample from Anderson, he deliberately altered his penmanship in order to deceive them.   Considering the incredible mass of pornographic images collected by Anderson via his computer, that these images were of such young children, and Anderson's deliberate attempt to deceive the authorities, the trial court did not err by clear and convincing evidence in finding that minimum sentences would demean the seriousness of the offender's conduct or would not adequately protect the public.   Accordingly, Anderson's second assigned error is without merit.

{¶ 44}   In his third assigned error, Anderson argues that the trial court erred in imposing the maximum prescribed prison term for each count of pandering and for possessing criminal tools.   We disagree.

{¶ 45}   As fifth degree felonies, each count carries a maximum prescribed prison term of twelve months.[8]   In sentencing an offender to the maximum term, the trial court is first required to make findings under R.C.

---

8.   R.C. 2929.14(A)(5).

2929.14(B) and 2929.14(C)[9] and then state its reasons for imposing the maximum sentence according to R.C. 2929.19(B)(2)(d). As discussed in our treatment of Anderson's second assigned error, the trial court complied with R.C. 2929.14(B). Therefore, our query here is whether the trial court made the necessary findings pursuant to R.C. 2929.14(C) and gave its reasons for imposing maximum sentences.

{¶ 46}   R.C. 2929.14(C) provides:

{¶ 47}   "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."

{¶ 48}   Here, the trial court stated:

{¶ 49}   "And so pursuant to Ohio Revised Code 2929.14(C), I make the following finding, with respect to count 19 of the indictment, which is pandering sexually-related material involving a minor, with respect to count 19 of the indictment, I make the finding that the offender committed the worst form of the offense, and that the offender poses the greatest likelihood of committing future crimes."

{¶ 50}   The court went on to state:

{¶ 51}   "Also, in order to look at the remaining counts * * *, another count of pandering sexually-related material, and possession of criminal tools, * * * I incorporate the finding by reference that the offender committed the worst form of the offense, and that the offender poses the greatest likelihood of committing future crimes."

{¶ 52}   Although R.C. 2929.14(C) merely requires the trial court to find one enumerated factor, here, the trial court found two factors. Thus, the trial court demonstrated compliance with R.C. 2929.14(C).

{¶ 53}   Whether the trial court stated reasons in support of these findings, however, is another matter. Reasons are different from findings. Findings are the specific criteria enumerated in R.C. 2929.14(C), which are necessary to justify maximum sentences; reasons are the trial court's bases for its findings which evince the trial court's adherence to the General Assembly's

---

**9.**  See *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.

policies of establishing consistency in sentencing and curtailing maximum sentences.[10]  We find the court's reasons in the following statements:

{¶ 54}  "As I indicated to you, and I will say so again, Mr. Anderson, this is just inexcusable, to create a market for raping and for abusing sexually, young children, there's no reason whatsoever why this baseless material is something that should be out and disseminated in our society.

{¶ 55}  "And it is akin to me, when you use the computer as a weapon, just as if you held a gun to each child's head.  You have used this computer as a weapon, and you have harmed each and every one of these six hundred children, and those are only the ones that there is evidence of.  Who knows how many children you looked at, but perhaps did not download, while logging into this website.

{¶ 56}  "And the only excuse you have is that you were curious.  And it just dawns upon the Court that I cannot imagine or fathom a scenario why you would think there's curiosity that can be piqued by watching a baby be raped.  It's just beyond my comprehension.

{¶ 57}  "* * *

{¶ 58}  "Studies show, and there are ample studies that do show, that if you have a predilection towards this type of material, it's not something that simply goes away.  It's something—it's a taste that most of us can't even fathom or understand.  It's a sexual desire that has to be curbed."

{¶ 59}  The trial court's statements regarding the six-hundred plus downloaded images of minors being raped certainly speaks to the court's "worst form of the offense" findings for both pandering and possession of criminal tools.  The court's statements regarding the studies, although unspecified, speak to the court's "greatest likelihood of committing future crimes" findings for both pandering and possession of criminal tools.  Because of the sheer volume of images collected and the very young age of the children, we determine that the trial court did not clearly and convincingly err in imposing upon Anderson the maximum prescribed terms of imprisonment for pandering and possession of criminal tools.  Accordingly, Anderson's third assigned error is without merit.

{¶ 60}  In his fourth assigned error, Anderson argues that the trial court erred by imposing consecutive, rather than concurrent, prison terms.  We agree.

---

**10.**  *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131;  *State v. Berry* (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, 2000 WL 263733.

{¶ 61} In imposing consecutive terms, the trial court must make findings under R.C. 2929.14(E)(4) and give its reasons for those findings according to R.C. 2929.19(B)(2)(c).

{¶ 62} R.C. 2929.14(E)(4) states:

{¶ 63} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 64} "* * *

{¶ 65} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. * * *"

{¶ 66} In the present case, the trial court stated the following regarding imposition of consecutive sentences:

{¶ 67} "The next step in the Court's analysis is to determine, pursuant to Revised Code 2929.14(E)(4), whether or not the Court must make statutorily required findings when consecutive prison terms are imposed. And in doing that, I want to pose to you that each hit that you take off the Internet of this type of material, and each photo, is a separate victimization of each individual child.

{¶ 68} "Perusing such a website and further, downloading and blowing up these pictures on disks, not only harm's [sic] each and every child involved, it empowers those who seek to profit from individuals such as yourself who have a predilection to be aroused by images of children that are sexual.

{¶ 69} "Simply put, participating in this market strengthens it, and it enpowers [sic] pedophiles. And pursuant to that, I make the findings under Revised Code 2929.14(E)(4) as follows, consecutive terms are necessary to protect the public, and consecutive terms are necessary to punish the offender.

{¶ 70} "The terms are not disproportionate to the seriousness of the offender's conduct, and the danger the offender poses to the public, and that the harm caused was so great that no single prison term adequately reflects the seriousness of the offender's conduct."

{¶ 71} The trial court closely paralleled statutory language found in R.C. 2929.14(E)(4). In doing so, it satisfied its burden to make findings in support of consecutive sentences; however, the trial court failed to give sufficient reasons in

support of those findings as required by R.C. 2929.19(B)(2)(c). As we have already stated, reasons are different from findings.[11] Absent well-articulated reasons, it is difficult to discern whether the trial court heeded the General Assembly's policy curtailing consecutive sentences.[12]

{¶ 72} Arguably, the trial court's statements provide reasons why consecutive sentences are necessary to protect the public; however, reasons for the other necessary findings are absent. The court did not provide reasons why consecutive sentences are not disproportionate to the seriousness of Anderson's conduct and the danger he poses to the public, or why the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of Anderson's conduct. Accordingly, Anderson's fourth assigned error has merit, and we reverse the trial court's imposition of consecutive sentences and remand for resentencing.

{¶ 73} In his fifth assigned error, Anderson argues that a sentence of six years' imprisonment for the four offenses violates his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. The basis for this assigned error is that Ohio's sentencing guidelines suggest that no prison term is appropriate. Considering our resolution of the above-four assigned errors, we disagree.

{¶ 74} The trial court was well within its authority to sentence Anderson as it did on each count. Ohio's sentencing guidelines set forth a reasonable range of prison terms for each degree of offense, and then permit the trial court to determine, strictly within that range, the most appropriate length of sentence. Having determined that the trial court properly applied Ohio's sentencing guidelines, a determination that Anderson's sentence amounts to cruel and unusual punishment would amount to holding the sentencing guidelines unconstitutional. This is certainly not the case. Accordingly, we find that Anderson's fifth assigned error is without merit.

{¶ 75} Judgment affirmed in part and reversed in part. This cause is remanded to the trial court for proceedings in accordance with this opinion.

Judgment accordingly.

JAMES D. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., concur.

---

11. *Edmonson,* supra.

12. Id. at 9–10; *Berry* at 6–7.