JOURNAL ENTRY AND OPINION.
{¶ 1} These appeals were consolidated for argument and decision, sua sponte, because they raise a common issue, that is, whether the court properly ordered that the sentences in these two cases should run consecutively.
 {¶ 2} In Appeal No. 81578, defendant-appellant appeals from his conviction for sexual battery. He argues that (a) he was denied his right to a fair and impartial jury when the court allowed the jury to ask questions of the witnesses, (b)the court erred by making the sentence in this case consecutive to the sentence imposed in the case underlying Appeal No. 81579, and (c) he was denied the effective assistance of counsel. In Appeal No. 81579, defendant-appellant appeals from his convictions for possession of crack cocaine, preparation of crack cocaine for sale and trafficking in crack cocaine. He raises two assignments of error for our review, first, that the trial court denied him his right to a fair and impartial jury when it allowed the jury to ask questions of the witnesses, and second, that the imposition of consecutive sentences in this case and in the case underlying Appeal No. 81578 did not comport with R.C. 2929.14(E)(4).
 {¶ 3} We find no error in the trial proceedings in either case. However, the common pleas court did not sufficiently state its reasons for imposing consecutive sentences on appellant. Therefore, we reverse the sentence in each case to the extent they are made consecutive to one another and remand for further proceedings.
 PROCEEDINGS BELOW Appeal No. 81578 {¶ 4} Appellant was charged with kidnapping and rape in a two-count indictment filed November 15, 2001, Cuyahoga County Common Pleas Court Case No. CR-416390. Following a jury trial, he was found not guilty of either of these charges, but was found guilty of sexual battery, a lesser included offense of rape. At a joint sentencing hearing on this case and two others, the court sentenced appellant to four years' imprisonment, to run consecutive to the sentence imposed in the case underlying Appeal No. 81579 but concurrent to the sentence imposed in the other case.
 Appeal No. 81579 {¶ 5} Appellant was charged in four counts of a six-count indictment filed October 18, 2001, Cuyahoga County Common Pleas Court Case No. CR-411730. The indictment charged appellant with possession of five to ten grams of crack cocaine, preparation of five to ten grams of crack cocaine for sale, trafficking in crack cocaine in an amount less than one gram, and possession of criminal tools. Although the indictment originally named appellant by an alias, Darrell Jenkins, the indictment was later amended to reflect his given name, Darwin Hutchins.
 {¶ 6} The matter proceeded to trial on February 20, 2002. The charge of possession of criminal tools was dismissed during the trial. The jury found appellant guilty of all three of the remaining counts. The court sentenced appellant to concurrent terms of four years' imprisonment on counts one and two, and a concurrent term of eleven months' imprisonment on count three. Furthermore, the court ordered that the sentences in this case should run concurrently with the sentence imposed in Case No. CR-412221 but consecutively to the sentence in Case No. CR-416390, which is now before us as Appeal No. 81578.
 {¶ 7} In imposing consecutive sentences, the court said:
"Now, consecutive sentences. The Court must make a finding by lawthese consecutive sentences are necessary to protect the public, and I'llpoint out that the Bellview area, especially. Punish the offender notdisproportionate to the conduct and the danger he poses and the harm isso great or unusual that a single term does not adequately reflect theseriousness of his conduct, and his criminal history shows thatconsecutive terms are needed to protect the public * * *."
 LAW AND ANALYSIS {¶ 8} In both appeals, appellant asserts that the common pleas court erred by allowing the jury to ask questions of the witnesses. Throughout the trial in each case, at the conclusion of each witness' testimony, the court allowed the jurors to submit written questions for the witness. The court reviewed any questions submitted with counsel and asked those questions which it found to be appropriate. Appellant contends this procedure denied him a fair trial, because it made the jurors active participants in the trial and advocates rather than the neutral factfinders they were supposed to be.
 {¶ 9} A conflict exists among the Ohio appellate courts on this issue. The matter is currently pending before the Ohio Supreme Court.State v. Fisher (2002), 94 Ohio St.3d 1484.
 {¶ 10} This district has consistently held that it is within the sound discretion of the trial court to allow jurors to question witnesses at trial. State v. Fallat, Cuyahoga App. No. 81073, 2003-Ohio-169; Statev. Richards, Cuyahoga App. No. 79350, 2002-Ohio-6623; State v. Belfoure, Cuyahoga App. No. 80159, 2002-Ohio-2959; State v. Sheppard (1955),100 Ohio App. 345. These cases have found that a trial court did not abuse its discretion by following the procedure followed by the trial court here. Likewise, we find no abuse of discretion. Accordingly, we overrule the first assignment of error in each appeal.
 {¶ 11} In Appeal No. 81578, appellant urges that he received ineffective assistance of counsel because his attorney did not challenge the court's decision to allow the jurors to ask questions. A defendant who claims ineffective assistance of counsel must show, first, that counsel's performance was deficient, and second, that he was prejudiced as a result. Strickland v. Washington (1984), 466 U.S. 668, 687. The performance inquiry requires a determination whether, under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. The prejudice inquiry requires a determination whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.
 {¶ 12} In light of the clear and unequivocal precedent in this district sanctioning the procedure followed by the trial court in these cases, we cannot say that counsel's performance was objectively unreasonable because he failed to challenge the court's decision to allow the jurors to ask questions. Therefore, we overrule the third assigned error in Appeal No. 81578.
 {¶ 13} Appellant finally contends that the court erred by making the sentences in these cases consecutive to one another. The statutory scheme assumes that sentences imposed in separate cases will be concurrent unless the court determines that consecutive sentences should be imposed under R.C. 2929.14(E). State v. Givens, Cuyahoga App. No. 80319, 2002-Ohio-4904, ¶ 8; State v. Gillman (Dec. 13, 2001), Franklin App. No. 01AP-662. Thus, R.C. 5145.01 provides that "[i]f a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply." Likewise, under R.C. 2929.41, "a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state," unless the court finds consecutive sentences are warranted by R.C. 2929.14(E), 2971.03(D) or (E), or 2929.41(B).[1]
 {¶ 14} Under R.C. 2929.14(E)(4), in order to impose consecutive sentences, the court must make three findings (1) consecutive sentences are necessary either to protect the public or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) any of the following: (a) the offender committed the multiple offenses while awaiting trial or sentencing; (b) the harm caused by the multiple offenses was so great or unusual that no single term of imprisonment for offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Pursuant to R.C. 2929.19(B)(2)(c), the court must make a finding that gives its reasons for imposing consecutive sentences.
 {¶ 15} The court here attempted to parallel the statutory language of R.C. 2929.14(E)(4), and may have satisfied its burden of making findings in support of consecutive sentences. The court roughly made the two mandatory findings required by R.C. 2929.14(E)(4), that consecutive sentences are necessary to protect the public, and are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public. The court further appears to have made two of the three alternative findings also required by the statute, first, that the harm caused was so great or unusual that no single term of imprisonment adequately reflects the seriousness of the conduct, and second, that the offender's criminal history demonstrates a need to impose consecutive sentences to protect the public from future crime.
 {¶ 16} Even if we accept that these findings are adequate, however (a conclusion we do not reach), the court did not give reasons in support of its findings as required by R.C. 2929.19(B)(2)(c). "Reasons are different from findings. Findings are the specific criteria enumerated in [R.C. 2929.14(E)(4)] which are necessary to justify [consecutive] sentences; reasons are the trial court's bases for its findings * * *."State v. Anderson (2001), 146 Ohio App.3d 427, 437 439. The common pleas court did not disclose the bases for its findings, so we must reverse the imposition of consecutive sentences and remand for further consideration of that issue.
 {¶ 17} The sentences imposed in these causes are reversed to the extent they were made consecutive to one another. These cases are remanded to the lower court for further proceedings consistent with this opinion. In all other respects, these matters are affirmed.
 {¶ 18} It is, therefore, considered that said appellant recover of said appellee his costs herein.
COLLEEN CONWAY COONEY, J. concur.
ANN DYKE, J. concurs in part and dissents in part with separateconcurring and dissenting opinion.
[1] Neither R.C. 2929.41(B) (concerning misdemeanor sentencing) nor R.C. 2971.03 (concerning sexually violent offenders) has any application here.