JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant Jason Doan appeals from his sentence entered by the trial court after his guilty plea to one count each of felonious assault, aggravated burglary and kidnapping. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court erred by imposing consecutive prison terms when the sentence is not supported by findings in the record pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c)."
 {¶ 3} "II. The trial court erred by failing to impose the minimum sentences in violation of R.C. 2929.14(B)."
 {¶ 4} Having reviewed the record and pertinent law, we affirm Doan's sentence. The apposite facts follow.
 {¶ 5} The record indicates that Doan was indicted by the grand jury in two separate cases. In Case No. CR-422674, he was indicted in a six-count indictment for aggravated robbery, felonious assault, aggravated burglary, kidnapping, intimidation and possession of criminal tools, all arising from his beating, robbing and kidnapping of the victim, who had robbed Doan several weeks previously. In Case No. CR-419280, he was indicted for one count of receiving stolen property.
 {¶ 6} Doan subsequently entered a plea on September 10, 2002, in Case No. CR-422674 to Counts Two and Three for felonious assault and aggravated burglary. He also entered a plea to Count Four, kidnapping, which was amended to indicate that the victim was returned to a safe place, unharmed. In exchange for his plea, the remaining counts were nolled, including Doan's indictment in Case No. CR-419280. Sentencing was continued so that a presentence investigative report could be obtained.
 {¶ 7} A sentencing hearing was conducted on October 15, 2002. The victim's mother was permitted to address the court and recited the brutal beating her son received and the psychological harm he still suffers. According to the mother, as a result of the beating, the victim spent several days in the hospital and sleeps with a knife under his bed. Doan's attorney stated that in mitigation of Doan's conduct, the victim had robbed Doan at gunpoint several weeks earlier and Doan was heavily intoxicated when he committed the offenses. Doan was then permitted to address the court and expressed remorse for his actions. The trial court was given photographs of the victim's injuries to view.
 {¶ 8} The trial court in imposing the sentence, stated that the photographs of the victim's injuries were the "worst I've seen in such a long time" and that "it looks like a monster did this * * * using beer bottles, a belt to choke him."
 {¶ 9} The court considered the seriousness and recidivism factors pursuant to R.C. 2929.12 and found that the victim suffered serious physical, psychological and economic harm; that a prior relationship with the victim facilitated the offense; the beating was part of an organized criminal activity; Doan had a prior juvenile adjudication for criminal damaging; Doan's prior convictions as an adult consisted of unauthorized use of a motor vehicle, failure to obey law enforcement officers, criminal trespassing, disorderly conduct, resisting arrest, intoxication, obstructing official business and possession of drugs; that he had failed to respond favorably to community control sanctions in the past; and had a history of alcohol and drug abuse. The court then concluded:
 {¶ 10} "So, there is many recidivism, more likely factors, that the Court finds you meet, which also argues for more than a minimum sentence. For purpose of sentencing, the Court will merge Counts 2 and 3 together, the felonious assault and aggravated burglary, as they're similar crimes. However, the kidnapping, the Court views differently because the beating took place within the home and then you removed him from his home, drove around with him, beat him further for another two and a half hours.
 {¶ 11} "The Court finds that one sentence would not be appropriate. It would demean the seriousness of the offenses that you did commit. So, the Court is also going to hand down a consecutive sentence. The consecutive sentence is necessary to punish you and protect the public and others from you. And, the Court finds it's not a disproportionate finding that the harm was so great and unusual that a single term for the felonious assault and the aggravated burglary does not adequately reflect the seriousness of the conduct as you committed the kidnapping.
 {¶ 12} "And, the Court finds it's necessary to hand down consecutive sentences to protect the public. I don't know if you get it. I don't think your family gets it either. They probably should view these pictures as well to see how much you beat Christopher Brack and the reasons as to why you're going to prison.
 {¶ 13} "The Court finds for all the reasons that it is a seven-year sentence for Counts 2 and 3, running together is appropriate, but consecutive to a three-year term for Count 4, kidnapping, for a total of a ten-year sentence."[1]
 {¶ 14} In his first assigned error, Doan argues that the trial court erred by imposing consecutive sentences without making the mandatory findings pursuant to R.C. 2929.14(E)(4) and failing to state its reasons in support of imposing a consecutive sentence as required by R.C. 2929.19(B)(2)(c).
 {¶ 15} In imposing consecutive prison terms for convictions of multiple offense, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). R.C. 2929.14(E)(4) states:
 {¶ 16} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 17} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 18} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 19} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 20} Along with making the above findings, the trial court must also state its reasons on the record why it is imposing the consecutive sentence.[2]
 {¶ 21} A review of the sentencing transcript reveals that the trial court clearly made the requisite findings required by R.C.2929.14(E)(4) in imposing consecutive sentences. The court found that a consecutive sentence for the kidnapping charge was necessary to punish Doan and to protect the public. The court also found that a consecutive sentence was not disproportionate to the harm he caused and the danger he posed to the public, and, that the harm he inflicted was so great that a single term would not adequately reflect the seriousness of the offenses.
 {¶ 22} The trial court also set forth its reasons in support of the sentence, which included its recitation of the seriousness and recidivism factors pursuant to R.C. 2929.12. In addition, the court also emphasized the fact that Doan beat the victim in the victim's home, and then removed the victim and drove him around and continued to beat him for an additional two-and-a-half hours, impacted its decision to impose the kidnapping term consecutively.
 {¶ 23} Because we find the trial court imposed consecutive sentences in accordance with R.C. 2929.14(E)(4) and gave sufficient reasons for imposing the sentence, Doan's first assigned error is overruled.[3]
 {¶ 24} In his second assigned error, Doan argues that since he had never served time in prison, the trial court erred by imposing more than the minimum sentence without making the requisite findings pursuant to R.C. 2929.14(B), and failing to state its reasons why more than the minimum was necessary.
 {¶ 25} R.C. 2929.14(B) states in pertinent part:
 {¶ 26} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 27} The Ohio Supreme Court in State v. Edmonson[4], considered the requirements of this statute, and held that the trial court does not have to state its reasons for finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes.
 {¶ 28} In the instant case, the trial court stated, after reciting factors regarding the seriousness of the crime and risk of recidivism, "So, there is many recidivism, more likely factors, that the Court finds you meet, which also argues for more than a minimum sentence." Although it is not the exact language set forth in R.C. 2929.14(B), it does indicate that the court considered the minimum, but found that "the public would not be adequately protected from future crimes" if the minimum were imposed. This court in State v. Bolton[5] held that the trial court need not state the exact language in the statute, but must give some indication that it considered the minimum sentence pursuant to R.C. 2929.14(B) where the offender has not previously served a prison term. In the instant case, the trial court's above statement indicates that it first considered the minimum sentence, but due to the risk that Doan would commit future crimes, it departed from imposing the minimum sentence. Doan's second assigned error is accordingly overruled.
 {¶ 29} Judgment is affirmed.
COLLEEN CONWAY COONEY, J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] Transcript at 38-39.
[2] State v. Anderson (2001), 146 Ohio App.3d 427; State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238.
[3] Although the trial court did not explicitly link its reasons to its findings, this court has found that the sentencing statutes do not require such an analysis, but merely requires the court to set forth its reasons for imposing the consecutive sentences. See, State v. Webb, Cuyahoga App. No. 80206, 2003-Ohio-1718; State v. Casalicchio, Cuyahoga App. No. 82216, 2003-Ohio-3028. See, also, State v. Rich, 4th Dist. No. 00CA46, OOCA47, 2001-Ohio-2613 (the requirement that court give its reasons for selecting consecutive sentences is separate and distinct from duty to make the findings required by R.C. 2929.14(E)(4)).
[4] (1999), 86 Ohio St.3d 326, 326.
[5] (Feb.4, 2000), Cuy. App. No. 75865; see, also, State v. Turner
(Nov. 2, 2000), Cuy. App. No. 77429.