JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Earline Rouse ("Rouse") appeals the trial court's imposition of maximum consecutive sentences in connection with two separate cases. Finding no merit to the appeal, we affirm.
 {¶ 2} In January 2001, Rouse was indicted in Case No. CR-400804 for child endangering. The indictment alleged that she tortured and cruelly abused her five-year-old son ("the victim") between January 1999 and March 2000.
 {¶ 3} The police found Rouse's children sleeping outdoors on a mattress after they had been evicted from their home. Rouse could not be found at the time. The police observed several bruises on the victim's body. The victim told police that his mother often made him sleep in a closet or in the basement. He also informed them that his mother frequently tied him up with cords and whipped him with a belt or an extension cord and allowed his older brothers to whip him as well.
 {¶ 4} The victim's oldest brother also indicated to the police that sometimes their mother would tie the victim to the mattress springs or put him in a closet for an entire day without food or water.
 {¶ 5} In October 2001, Rouse was indicted in Case No. CR-428581 in a two-count indictment charging her with one count of felonious assault and one count of domestic violence. Rouse and her live-in boyfriend, Arthur Meriweather ("Meriweather"), had been engaged in a domestic dispute. Meriweather attempted to push Rouse out of the house, but Rouse stabbed him in the abdomen and then struck him in the back of the head with a bottle, rendering him unconscious. The next day, he drove himself to the hospital. His stab wound stretched the full length of his abdomen.
 {¶ 6} In February 2003, Rouse pled guilty to child endangering and attempted felonious assault, both third degree felonies. The remaining domestic violence charge was nolled. The court sentenced Rouse to the maximum prison term of five years for child endangering and three years for attempted felonious assault, to be served consecutively. Rouse appeals, raising two assignments of error.
 Maximum Sentences {¶ 7} In her first assignment of error, Rouse argues that the trial court erred by imposing the maximum sentence for child endangering without furnishing adequate reasons for finding it to be the worst form of the offense. Specifically, Rouse argues that because she was convicted of child endangering with serious physical harm being a necessary element of the offense, serious physical harm to the child could not be used, by itself, to make this particular crime the worst form of the offense.
 {¶ 8} This court reviews a felony sentence de novo. R.C. 2953.08. A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(1); State v. Hollander (2001), 144 Ohio App.3d 565; Statev. Rigo, Cuyahoga County App. No. 78761, 2001 Ohio App. LEXIS 2764. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} R.C. 2929.14(C) allows the sentencing court to impose a maximum sentence upon an offender under certain circumstances. In Statev. Edmonson (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court determined that in order to lawfully impose the maximum term, the record must reflect that the trial court imposed the maximum sentence after having first found that the offender satisfied one of the listed criteria set forth in R.C. 2929.14(C). As pertinent to this appeal, R.C. 2929.14(C) permits the court to impose a maximum sentence "upon offenders who committed the worst forms of the offense."
 {¶ 10} R.C. 2929.19(B)(2)(d) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed[.]" Edmonson, supra, at 328. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. State v. Hollander (2001),144 Ohio App.3d 565, 569.
 {¶ 11} In determining whether an offender has committed the worst form of the offense, the sentencing court should consider the totality of the circumstances. State v. Garrard (1997), 124 Ohio App.3d 718. To facilitate this inquiry, R.C. 2929.12(B) and (C) provide a general list of factors that the sentencing court must consider before deciding whether an offender committed the worst form of the offense. Specifically, R.C. 2929.12(B) provides, in pertinent part:
"(1) The physical or mental injury suffered by the victim of theoffense due to the conduct of the offender was exacerbated because of thephysical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical,psychological, or economic harm as a result of the offense.
 "* * *
 "(6) The offender's relationship with the victim facilitated theoffense.
 "* * *"
 {¶ 12} Here, in making its finding that Rouse committed the worst form of the offense, the trial court found the following facts supported its conclusion: (1) the young age of the victim, (2) the serious physical and psychological harm suffered by the victim, and (3) the fact that Rouse's relationship with the victim, as the victim's mother, facilitated the offense. In discussing the physical harm, the court referred to photographs, which are included in the record, depicting scars all over the victim's body. Specifically, the court commented:
"Now I'm going to get angry and upset by looking at these photographsof this young kid with these scars, bruises, cord marks, contusions.This, you deserve to spend a lot of years in prison for, this picturealone. Look at those scars on this kid. While you're out getting highon crack, then you come home and treat your children like this.
 Look at these bruises. Ms. Skutnik is right. This is a beautifulkid. He says he's ugly. That's a nice looking young man until youtake his clothes off and you discover the truth about what you did tothis kid. This is horrible.
 No child should ever have to suffer like this. There are scars allover his body; all over: chest, shoulders, legs, ankles, back of thethighs, hands; bruises."
 ¶ 13 The court also discussed the psychological harm Rouse caused the child:
"Ms. Skutnik related that her discussion with [the victim] shows he'shaving extreme behavioral problems. Foster mother, * * * corroboratesthat; eight years old and cannot read or write. He's in the firstgrade; he does seem to have attention deficit disorder. He's on twokinds of Ritalin. Mentally, he's having difficulty."
 ¶ 14 In light of the harm the victim suffered, the court not only concluded that this was the worst form of the offense, but also that the "minimum sentence would be demeaning to the seriousness of the offense and would not adequately protect the public, specifically, this child."
¶ 15 After considering the totality of the circumstances, which includes the disparity in the ages and sizes of Rouse and the victim, the familial relationship, and the psychological and physical pain suffered by the victim, this court cannot say that the evidence clearly and convincingly demonstrates that the trial court erred in concluding that this was the worst form of the offense.
¶ 16 Accordingly, the first assignment of error is overruled.
 Consecutive Sentences ¶ 17 In her second assignment of error, Rouse argues that the trial court failed to make the necessary findings and to provide its reasons when it sentenced her to consecutive sentences.
¶ 18 When a court imposes consecutive sentences, it must follow R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). Under R.C. 2929.14(E)(4), in order to impose consecutive sentences, the court must make three findings: (1) consecutive sentences are necessary either to protect the public or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) any of the following: (a) the offender committed the multiple offenses while awaiting trial or sentencing, (b) the harm caused by the multiple offenses was so great or unusual that no single term of imprisonment for offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.
¶ 19 Pursuant to R.C. 2929.19(B)(2)(c), the court must make a finding that gives its reasons for imposing consecutive sentences. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20. "Reasons are different from findings. Findings are the specific criteria enumerated in [R.C. 2929.14(E)(4)] which are necessary to justify [consecutive] sentences; reasons are the trial court's bases for its findings * * *."State v. Anderson (2001), 146 Ohio App.3d 427, 437, and 439.
¶ 20 At the sentencing hearing in the instant case, the court made the following findings:
"These cases shall run consecutive to each other. It's necessaryto protect the public, and punish the offender. It's not disproportionateto the act, and the danger she poses — and the danger is so great inboth cases that a single term will not adequately reflect the seriousnessof her conduct."
 ¶ 21 In support of these findings, the court commented on Rouse's likelihood of recidivism and noted that she had a prior history of criminal convictions, failed to respond to previously imposed sanctions, and that she violated her probation several times in the past. The court also noted that Rouse had demonstrated a pattern of drug abuse related to her offenses. Thus, the court concluded consecutive sentences were necessary to protect the public from the likelihood that Rouse would reoffend.
¶ 22 To demonstrate that consecutive sentences were not disproportionate to the seriousness of Rouse's conduct and the danger she posed to the public, the court discussed the serious physical and psychological harm suffered by the minor victim as previously described. The court also described the serious physical harm Rouse caused to Meriweather:
"Also, Court's Exhibit 7 will be the photograph of Mr. Merriweather(sic) and his obvious scar which stapled his stomach together to keep itin place; God knows how many stitches are in there from the knife.
 * * *
 Mr. Merriweather (sic) claimed the Defendant had a butcher knife inher hand, stabbed him in the abdomen, then struck him in the back of thehead with a bottle.
 He became unconscious. He laid there unconscious for the wholenight * * *
 * * * His guts had to be hanging out of his stomach for this kindof wound."
 ¶ 23 Based on the seriousness of the injuries to both victims, we find there is clear and convincing evidence supporting the court's conclusion that the harm caused by these two offenses was so great or unusual that no single term of imprisonment adequately reflected the seriousness of Rouse's conduct. We also find that the seriousness of Rouse's conduct coupled with her prior criminal record demonstrates that consecutive sentences are necessary to protect the public.
¶ 24 Accordingly, the second assignment of error is overruled.
Judgment affirmed.
Sean C. Gallagher, J. and Anthony O. Calabrese, Jr., J. Concur.