JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Joseph Kellwood, appeals from his convictions upon his plea of guilty to the charges of felonious assault and attempted felonious assault with a peace officer specification. Appellant argues that the common pleas court did not substantially comply with Criminal Rule 11 and failed to make the findings needed to impose consecutive sentences. For the reasons which follow, we affirm the judgment against appellant based upon the guilty plea, but vacate the sentence and remand for resentencing.
 Procedural History {¶ 2} In an indictment filed July 12, 2002, appellant was charged with three counts of felonious assault, one of which contained a peace officer specification. A hearing was held on August 20, 2002 at which the appellant agreed to withdraw his previously entered not guilty plea and to enter a plea of guilty to the first count of felonious assault. Appellant further agreed to plead guilty to an amended charge of attempted felonious assault with a peace officer specification. The remaining felonious assault charge was dismissed.
 {¶ 3} At the plea hearing, the court inquired about the appellant's age, education, and work history. The court then asked:
 {¶ 4} "THE COURT: * * * Do you understand what you are pleading to here, two felony two's, each of them carrying up to eight years in prison and a $15,000 fine.
 {¶ 5} "Do you understand that?
 {¶ 6} "THE DEFENDANT: Yes, your Honor.
 {¶ 7} "THE COURT: Each.
 {¶ 8} "THE DEFENDANT: Yes, your Honor.
 {¶ 9} "THE COURT: You know what's going on?
 {¶ 10} "THE DEFENDANT: Not run consecutive.
 {¶ 11} "THE COURT: They could run consecutive or concurrent depending on the circumstances.
 {¶ 12} "THE DEFENDANT: No, your Honor.
 {¶ 13} "THE COURT: You understand all that?
 {¶ 14} "THE DEFENDANT: Yes."
 {¶ 15} The court then proceeded to inform the appellant of his right to a jury trial, his right to confront witnesses, his right to counsel, the government's burden of proof, his right to compel witnesses, and his right against self-incrimination. The appellant stated that he understood these rights. Upon learning that appellant was receiving psychiatric medications, the court conducted an extensive inquiry into appellant's psychiatric history and ordered a psychiatric report in addition to a presentence report.
 {¶ 16} At the sentencing hearing, the court reviewed appellant's extensive criminal history and reviewed a videotape of the incident upon which these charges were based. The court found that there was a great need to incapacitate the defendant, given his history of violence and his mental health history. The court stated:
 {¶ 17} "* * * We have to incapacitate you. That's all there is to it. At least you can't harm other innocent citizens.
 {¶ 18} "Therefore, the Court is going to give you six years on each count and run them consecutive, for twelve years in prison. Credit for all time served.
 {¶ 19} "That sentence is appropriate, considering the seriousness of the crime and the recidivism factor, which is high, and your continued violent behavior since your juvenile days until now.
 {¶ 20} "So a dozen years to serve, minus the time you served so far. Consecutive. Six and six for twelve years. Good luck to you.
 {¶ 21} "Sir, the Court finds further that any sentence less than that would demean the seriousness of the offense, and the offense in proportion to other sentences with this type of offense, and with this type of background.
 {¶ 22} "A shorter prison term would demean the seriousness of the defendant's conduct. * * *"
 Law and Analysis {¶ 23} Appellant first argues that the court did not substantially comply with the requirements of Criminal Rule 11(C)(2) when it accepted his guilty plea. Appellant concedes that the court adequately informed him of the constitutional rights he would waive if he plead guilty to the charges. However, he asserts that "the trial court failed to substantially comply with Crim.R. 11(A) and (B) [sic] in that Appellant was unaware of the fact that the sentence could be run consecutively."
 {¶ 24} First, Crim.R. 11(C)(2) does not require that the court inform the defendant that he may be ordered to serve the sentences for multiple offenses consecutively, so the failure to inform the defendant of this fact would not render a guilty plea involuntary. State v.Johnson (1988), 40 Ohio St.3d 130, syllabus. More important, here, the court clearly and unequivocally did inform the appellant that he might be ordered to serve the sentences either consecutively or concurrently, and appellant stated that he understood. That he expressed some earlier confusion on this point does not demonstrate that he was unaware that his sentences could be made consecutive to one another. Finally, appellant does not demonstrate any prejudice. He does not argue that he would not have entered his guilty plea had he understood that the sentences could be served consecutively. Id., 40 Ohio St.3d at 134; also see State v.Williams, Cuyahoga App. No. 81424, 2003-Ohio-1345, ¶ 33. Therefore, we overrule the first assignment of error.
 {¶ 25} Second, appellant contends that the court erred by ordering the sentences to be served consecutively. Under R.C. 2929.14(E), three findings are necessary for the court to order an offender to serve multiple prison terms consecutively. The court must find: (1) consecutive sentences are necessary either to protect the public or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) any of the following: (a) the offender committed the multiple offenses while awaiting trial or sentencing; (b) the harm caused by the multiple offenses was so great or unusual that no single term of imprisonment for offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Pursuant to R.C. 2929.19(B)(2)(c), the court must make a finding that gives its reasons for imposing consecutive sentences. "Reasons are different from findings. Findings are the specific criteria enumerated in [R.C. 2929.14(E)(4)] which are necessary to justify [consecutive] sentences; reasons are the trial court's bases for its findings * * *."State v. Anderson (2001), 146 Ohio App.3d 427, 437 and 439.
 {¶ 26} The court here did not satisfy its burden of making findings in support of consecutive sentences. It did not make any of the statutory finding required by R.C. 2929.14(E)(4), nor did the court give reasons in support of its findings as required by R.C. 2929.19(B)(2)(c). Therefore, we must reverse the imposition of consecutive sentences and remand for further consideration of that issue.
 {¶ 27} The sentences imposed in this cause are reversed to the extent they were made consecutive to one another, and this matter is remanded to the lower court for further proceedings consistent with this opinion. In all other respects, this matter is affirmed.
 {¶ 28} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, J. and Anthony O. Calabrese, Jr., J. concur.