OPINION
{¶ 1} This appeal comes for consideration upon the record in the trial court and Appellant's brief. Defendant-Appellant, Jason Satterfield, appeals the decision of the Columbiana County Court of Common Pleas which found him guilty of gross sexual imposition, a felony of the third degree, and sentenced him accordingly. Satterfield's appellate counsel moved to withdraw as counsel pursuant to State v. Toney (1970),23 Ohio App.2d 203, but also filed a merit brief arguing that the trial court erred when sentencing him to a term of imprisonment rather than a community control sanction.
 {¶ 2} We deny defense counsel's motion to withdraw since she also filed a merit brief. Nevertheless, we find the argument in that brief meritless. We cannot clearly and convincingly conclude either that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. Thus, the trial court's decision is affirmed.
 Facts {¶ 3} Satterfield was indicted on August 28, 2003, for one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). Satterfield subsequently entered an Alford plea before the trial court. The trial court then sentenced Satterfield to a one year term of imprisonment.
 Anders/Toney No Merit Appeal {¶ 4} An attorney appointed to represent an indigent criminal defendant on his first appeal as of right may seek permission to withdraw where the attorney can show that there is no merit to the appeal. See, generally, Anders v. California (1967) 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. Toney, at 207, citingAnders. The reviewing court must then decide, after a full examination of the proceedings, whether the appeal is wholly frivolous. Id.
 {¶ 5} In Toney, this Court established guidelines to be followed in the event counsel of record determines that an indigent's appeal is frivolous:
 {¶ 6} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 7} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 8} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 9} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 10} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 11} Satterfield's counsel moved to withdraw as counsel, citing bothAnders and Toney. But on the same day that counsel filed that motion, counsel also filed a merit brief. This merit brief is more than "a brief referring to anything in the record that might arguably support an appeal." It is a brief arguing the merits of Satterfield's appeal.
 {¶ 12} We recognize that appellate counsel may have been trying to comply with the procedure described in Anders and Toney when filing her motion and brief, but the fact remains that she did not. We cannot grant her motion to withdraw as counsel pursuant to Toney and will address the merits of the issues raised in Satterfield's merit brief.
 Sentencing {¶ 13} In his sole assignment of error, Satterfield argues:
 {¶ 14} "The lower court erred in sentencing the Defendant-Appellant, Jason Satterfield, to a one (1) year term of imprisonment instead of giving him community control sanctions as it did not comply with the mandatory requirements of Chapter 2929."
 {¶ 15} Satterfield argues the trial court erred by not even considering whether to sentence him to a term of community control rather than a term of imprisonment. According to Satterfield, the factors in R.C. 2929.12 indicate that the trial court should have imposed a less severe sentence.
 {¶ 16} When reviewing any sentence imposed for a felony, we cannot reverse, vacate, or modify the sentence unless we clearly and convincingly find either that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C.2953.08(G)(2).
 {¶ 17} When sentencing an offender, the trial court must consider several aspects of the sentencing statutes. First, the overriding purposes of felony sentencing must be followed, namely, to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). The court must consider the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Further, the sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and be consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B).
 {¶ 18} Before a trial court can sentence an offender to a prison term for a fourth or fifth degree felony, it must make the findings required by R.C. 2929.13(B). But a trial court is under no such obligation when sentencing an offender to a third degree felony. State v. Anderson,146 Ohio App.3d 427, 433, 2001-Ohio-4297. The sentencing guidelines in R.C. 2929.13(C) do not provide a presumption in favor of either a prison sentence or community control for third-degree felonies. State v.Williams, 6th Dist. No. L-02-1394, 2004-Ohio-0466, ¶ 13. When sentencing an offender for a third-degree felony, the choice between a prison term or community control sanctions is left to the discretion of the sentencing judge. Id.
 {¶ 19} In this case, the trial court sentenced Satterfield to the minimum term of imprisonment for a third degree felony, one year. R.C.2929.14(A)(3). This was a reasonable sentence in this case. Satterfield showed no remorse for his crime (R.C . 2929.12(D)(5)), he has a prior criminal record (R.C. 2929.12(D)(3)), and his relationship with the victim facilitated this offense (R.C. 2929.12(B)(6)). These factors all either aggravate the seriousness of the crime or indicate that an offender is more likely to commit future offenses. Thus, the record supports the trial court's findings and the sentence is not otherwise contrary to law. Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw as counsel is denied.
Donofrio, P.J., concurs.
Waite, J., concurs.